Zel M. Fischer, Judge,
concurring.
Robert Blurton appeals three first-degree murder convictions and death sen fences. I concur in the principal opinion in all respects, including the principal opinion’s explanation that State v. Jackson specifically dealt with “nested” lesser-included offenses,[1] 433 S.W.3d 390, 392 (Mo. banc 2014), and the holding that the circuit court was not required- to give a lesser-included offense instruction on second-degree felony murder. Because this Court is affirming three death sentences, which will no doubt receive further review by this Court and the federal courts, I write separately to explain that, in my view, the circuit court would not have erred in refusing the second-degree felony murder instruction, even if.it were tendered in the form required by the Notes on Use for MAI-CR 314.04 and 314.06. Regardless, Blurton was not prejudiced by the failure to' give a second-degree felony murder instruction. . State v. McLaughlin, 265 S.W.3d 257, 270-71 (Mo. banc 2008); State v. Hall, 982 S.W.2d 675, 682 (Mo. banc 1998); State v. Kinder, 942 S.W.2d 313, 330 (Mo. banc 1996).
Factual and Procedural Background
Blurton was charged with three counts of first-degree murder for killing his aunt and uncle and their 15-year-old granddaughter. Police found Donnie, Sharon, and Taron Luetjen dead in their home. Each had been shot once in the back of the head. Each was found lying face down on the floor, head on a pillow, and their hands were bound behind their backs. Donnie’s and Sharon’s .wallets lay empty nearby, and valuable items and change were missing from another room. There was no sign of a forced entry. The State did not charge robbery or, for that matter, any underlying felony. Blurton presented no evidence during the guilt phase of trial.
The State did, however, file a “Notice of Intent to Seek the Death Penalty.” The purpose of this filing is to. put the defendant on notice of the potential aggravating factors the State might try to prove during *784 the penalty phase of the trial. The jury was ultimately instructed, during the penalty-phase of trial, to-consider whether “the defendant was engaged in the perpetration of robbery.” Instruction No. 25. According to the verdict, the jury.found several aggravating factors existed, listing them in writing on the jury verdict form, but it did not find Blurton was engaged in a robbery or, for that matter, any felony it was asked to consider other than murder.
In addition to an instruction on- first-degree murder, the State requested the circuit court to instruct the jury to find Blurton guilty of second-degree murder if he knowingly caused the Luetjens’ deaths without premeditation (“conventional” second-degree murder). The State’s request to instruct solely on this particular lesser-included offense was in line with this Court’s previous express holdings in McLaughlin, Hall, Kinder, and State v. Griffin, 756 S.W.2d 475, 485 (Mo. banc 1988). Blurtoris proffered jury instruction violated the Notes on Use for MAI-CR 314.04 and ‘314.06. Had the circuit court given Blurtoris proffered, and incorrectly worded, instruction it would have committed error. The circuit court did not, therefore, err in rejecting Blurtoris second-degree felony murder instruction. Op. - at ■767.- Had Blurton tendered'a proper second-degree felony murder instruction, the refusal to give that instruction was in accord with this Court’s prior first-degree murder death penalty cases.
Blurton, as the other defendants had done in the above cited cases, requested an instruction, for second-degree felony murder. The circuit court refused to give the proffered instruction.[2] The State objected on three grounds: (1) that the instruction lacked the proper form and accompanying instructions required under the Notes on Use for MAI-CR 314.04 and 314.06; (2) that this defense may or may not have been supported by the evidence; and (3) that the defense was mutually exclusive of the alibi defense that Blurton had inserted into the case. The circuit court’s decision to refuse the second-degree felony murder instruction is in accord with this Court’s first-degree murder death penalty cases affirming this approach under similar factual scenarios.[3] It is also in accord with *785 the jury’s verdict in this case indicating there was not sufficient evidence presented that Blurton committed a robbery.
The jury found Blurton guilty on all three counts and recommended three death sentences, which the circuit court imposed. Blurton appeals directly to this Court, which has jurisdiction. See Mo. Const, art; V, § 3.
Analysis[4]
Section 556.046 requires circuit courts to give a requested .lesser-included offense instruction if there, is a basis in the evidence to acquit the defendant of the immediately higher included offense and convict of the lesser. An offense is included, when “[i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged,” § 556.046.1(1) — in other words, the elements of the lesser offense are a subset of the .elements of the higher offense, or “nested.” See Jackson, 433 S.W.3d at 392. An offense is also deemed included within the offense charged when “[i]t is specifically denominated by' statute as a lesser degree of the offense charged.” Section 556.046.1(2). This second type of lesser-included offense necessarily requires proof of additional elements,' other than the higher offense. §§ 565.025.2(l)(a), 565.021.1(2), RSMo 2000.
As explained in the principal opinion, the circuit court’s refusal to give Blurton’s second-dégree felony murder instruction was not error because it was not in the form required by the Notes on Use for MAI-CR 314.04 and 314.06. Moreover, neither Blurton, the principal opinion, nor the separate opinion of Judge Draper, cite to a single case in which this Court permitted, let alone required,' the submission of a second-degree felony murder instruction based on an uncharged felony. Furthermore, the jury in this case did not-find that the State proved that Blurton was engaged in a robbery or any other felony. .
Even if Blurton Had Tendered an Instruction on Second-Degree Felony Murder in Accordance with the Notes on Use for MAI-CR 314.04 and 314.06, It Was Not Prejudicial to Refuse to Submit the Instruction
Even assuming the. circuit court erred by refusing to instruct on second-degree felony murder in this case, which has not been, demonstrated, this Court held in McLaughlin that the State had overcome the presumption of prejudice in this same factual scenario. McLaughlin, ,a unanimous decision authored by Judge Stith, is directly on point. In that .case,..the defendant was charged with first-degree murder, forcible rape, and armed criminal action. 265 S.W.3d at 260-61. The defendant requested an instruction on second-degree felony murder, based on the rape charge, but the circuit court refused to give it.and.instead instructed on conventional second-degree murder. Id. .at 261. This Court’s opinion states ...as follows:
*786 Mr. McLaughlin next argues that the trial court erred in submitting only first* degree and conventional ■ second-degree murder and in refusing to also submit second-degree felony murder. He notes that the state argued that he raped the victim in the same incident in which he murdered her and submitted counts of both forcible rape and first-degree murder. The jury in fact found that Mr. McLaughlin forcibly raped the victim and that he murdered her. Therefore, Mr. McLaughlin argues, the trial court should have submitted felony murder so that he could have argued that if the jury found that he killed the victim in furtherance of the rape, it should convict him of second-degree felony murder rather than first-degree murder.
Mr. McLaughlin is correct that a trial court is obligated to charge the jury with respect to lesser-included offenses that are supported by the evidence, so as to give it a third choice beyond either acquittal or first-degree murder. Beck v. Alabama, 447 U.S. 625, 637-38, 100 S.Ct. 2382, 65 L.Ed.2d 392, (1980); State v. Hall, 982 S.W.2d 675, 682 (Mo. banc 1998); See. 556.046, RSMo 2000. Felony murder is a lesser-included offense of first-degree murder. Sec. 565.025.2(l)(a). Conventional second-degree murder is also a lesser-included offense of first-degree murder, however. For this reason, as Mr. McLaughlin recognizes, Hall held that it was not error to refuse to submit felony murder[1] so long as the trial court did submit second-degree murder, for when “a jury convicts on first-degree murder after having been instructed on second-degree murder, there is no prejudice to the defendant by the refusal to submit a second-degree felony murder instruction.” Hall, 982 S.W.2d at 682, (quoting State v. Kinder, 942 S.W.2d 313, 330 (Mo. banc 1996)).
Mr. McLaughlin acknowledges Hall, but argues that it is distinguishable because in that case- the prosecution did not also submit the felony that underlies the felony murder charge, whereas here the prosecutor did submit both murder and forcible rape., He also argues that he should have had the option, at least, of choosing which form of second-degree murder to submit in this situation.
While the prosecution in Hall did not submit 'the underlying felony, the case on which it relied, Kinder, did submit both first and conventional second-degree murder and rape, just as in the case at bar. Thus, it is directly on point. Kinder held that because the pattern criminal jury instructions require the jury to find defendant not guilty of first-degree and conventional second-degree murder before considering the felony murder instruction, no prejudice could result from failing to submit felony murder. Kinder, 942 S.W.2d at 330.
, Of course, Mr. McLaughlin is correct that the trial court could have submitted felony-murder rather than or in addition to submitting conventional second-degree murder without committing error if both were supported by the evidence. But, the issue is not what the trial court could have done, but whether prejudice resulted from its failure to submit felony murder. Hall, Kinder, and numerous other cases hold that no prejudice results from refusing to submit a felony murder instruction where a conventional second-degree murder instruction was given because the latter sufficiently tests the evidence of deliberation by giving the jury the option of convicting the defendant of a lesser offense. This Court reaffirms these holdings.
Id. at 270-71 (some internal citations omitted).
*787 Likewise, in Hall, this Court held as follows:
Hall asserts-the trial'court erred by refusing to submit to the jury an instruction for the offense' of second-degree felony murder. ■ “Under section 556.046.2, RSMo 1986, the trial court is obligated to charge the jury with respect to a lesser included offense when» there is a basis for a verdict acquitting him of the offense charged and convicting him of the included offense.”
We have consistently held, that when “a jury convicts on first-degree murder after having been instructed on both first degree and second-degree murder, there is no prejudice to the defendant by the refusal to submit a second degree felony murder instruction.” The trial court did not err. Point denied.
982 S.W.2d at 682 (citations omitted).
Likewise in Kinder, this Court unanimously held as follows:
Kinder’s next claim is that the trial court erred in refusing his second degree felony murder instruction, which was patterned after MAI-CR 3d 313.06. We disagree. The trial court did submit Kinder’s conventional second degree murder instruction, which was patternéd after MAI-CR 3d 313.04. Under § 556.046.2, RSMO 1986, the trial court is obligated to charge the jury with respect to a lesser included offense when there is a basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense. Murder in the second degree is a lesser-included offense of murder in the first degree. § 565.025.2(l)(a). In reviewing similar claims, this Court has held that “[t]he appropriate MAI-CR 3d requires that the jury find the defendant not guilty of first degree murder and then conventional second degree murder before it may consider second degree felony murder.” When a jury convicts on first degree murder after having been instructed on both first degree and second degree murder, there is no prejudice to the defendant by the refusal to submit a second degree , felony murder instruction. This is the exact scenario in the current ease, and thus Kinder was not prejudiced by the trial court’s refusal to submit his second degree felony murder instruction.
942 S.W.2d at 330 (citations omitted).
And likewise in Griffin, this Court again expressly held:
Defendant’s next point is his assertion that the jury should have been instructed on the lesser included offense of second degree felony murder with respect to each count. Trial courts are obligated to instruct on lesser included offenses supported by the evidence. Section 556.046, RSMo 1986. See also Beck v. Alabama, 447 U.S. 625, 635-43, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). Although second degree felony murder is not a lesser included offense of first degree murder under the. traditional “elements test,” it has been specifically denominated as such, see §§ 556,046 and 565.025, RSMo 1986.
As the evidence in this case of defendant's state of mind was not conclusive, it did support an instruction on second degree felony murder and the trial court should have so instructed the jury. Defendant, however, was not prejudiced by the court’s failure to do this. The jury was instructed on the lesser-included offense of second degree conventional murder. It is a second degree conventional murder instruction, not a second degree felony murder instruction, which sufficiently tests a jury’s belief of the crucial facts for a conviction of first degree murder— The jury had the opportunity to convict defendant of *788 second degree conventional murder but did not do so. An additional instruction on second degree felony murder would have made no difference.
756 S.W.2d at 485 (emphasis added) (some internal citations omitted).
In this case, the jury was given a choice other than capital murder and acquittal: conventional second-degree murder. It chose to find Blurton guilty of first-degree murder and sentenced him to death based on its determination that the State proved all of the aggravating factors submitted except:
“4. Whether the defendant murdered [Donnie/Sharon/Taron] Luetjen' for' the purpose of the defendant receiving money or any other thing of monetary value from [Donnie/Sharon] Luetjen or another.”
“6. Whether the murder of [Donnie/Sharon/Taron] Luetjen was committed while the defendant was engaged in the perpetration of búrglary. A person commits the crime of burglary when the person knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing stealing.”
“7. Whether the murder of [Don-riie/Sharoh/Taron] Luetjen was committed while the defendant was engaged in the perpetration of robbery. A person commits the crime of robbery when he forcibly steals property.”
Conclusion
Second-degree felony murder is not a “nested lesser” and requires proof of a felony in addition to murder. If the jury chose to disbelieve all or any part of the State’s evidence it would result in acquittal of first-degree murder and would not necessarily result in the conviction of second-degree felony murder, which in this case would require proof beyond a reasonable doubt of an uncharged, felony. The jury was specifically asked to consider whether the State had demonstrated an underlying felony of robbery in the context of considering aggravating factors for purposes of punishment. The jury did not find a robbery or any felony it was instructed to consider had been committed except three first-degree murders. ■ -
In conclusion, I concur in the principal opinion affirming the circuit court’s judgment that the instruction on second-degree felony murder was not in the proper form and, therefore, the circuit court did not err in refusing to give it as tendered. For the additional reasons articulated above, it would not have been error to reject a second-degree felony murder instruction even if it was tendered in compliance with the Notes on Use for MAI-CR 314.04 and 314.06.[5]

. "As to [Counts I, II, and III], if you do not find the defendant guilty of murder in the first degree, you must consider whether he is guilty of murder'in the second degree.
As to [Counts I, II, and III], if you find and believe from the evidence beyond a reasonable doubt:
First, that [on or about] the 7th day of June, 2009, ... in the County of Benton, State of Missouri, the defendant took property which was property owned by Donnie Lu-etjen and, that defendant did so for the purpose of Withholding it from the owner permanently, and that defendant in doing so used physical force on or against [Donnie, Sharon, and Taron] Luetjen for the purpose of preventing resistance to the taking of the property, then you will find that the defendant has committed robbery in the second degree. However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you cannot find that the defendant has committed robbery in the second degree.
Second, that [Donnie, Sharon, and Taron] Luetjen [were] shot and killed, and
Third, that [Donnie, Sharon, and Taron] Luetjen [were] lulled as a result of the perpetration of that robbery in the second degree,
then you will find the defendant guilty under [Counts I, II, and III] of murder in the second degree.
However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of murder in the second degree under this instruction, but you must then consider whether he is guilty of murder in the second degree under Instruction No_”

. The ruling from the bench was as follows: [T]his defendant was not charged with any underlying felony whatsoever. The tendered *785 instruction picks a felony that the defendant picks, that the State did not charge. The defense, on this tendered instruction, has picked robbery in the second degree. By picking an underlying offense, it is inconsistent with alibi, and I think the defense may be, is maybe allowed to argue inconsistent theories, asserting innocence.
The foreman [sic] [form], which the instruction as tendered, is not the proper — the facts in evidence in this case do not support that giving of felony murder. More technically — murder in the second degree, felony. It is also inconsistent with the language that the defense did request with respect to the alibi type information. "A” is refused.

. Statutory citations áre to RSMo Supp. 2013 except where otherwise indicated.

. All further references to this section are RSMo Supp. 2002.